

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVELOPMENT SPECIALISTS, INC., | No. 13-16290 |
| Plaintiff, | D.C. No. 2:11-cv-01364-PMP-CWH |
| JPMORGAN CHASE BANK NA, | |
| Plaintiff-counter-defendant, And | MEMORANDUM* |
| INSOLVENCY SERVICES GROUP, INC., | |
| Plaintiff - Appellee, v. | |
| MERITAGE HOMES CORPORATION; et al., | |
| Defendants-counter-claimants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit Judges.

Meritage Homes Corp. and Meritage Homes of Nevada, Inc. ("Meritage") request reversal of the district court's grant of summary judgment and award of $15,753,343.99, plus costs, in favor of Insolvency Services Group ("ISG"). Because the parties are familiar with the facts and procedural history, we need not recount it here. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2003).

## I

The district court properly concluded that ISG has standing, and this case is not moot. "[A]n assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor." *Sprint Comm. Co. v. APCC Servs., Inc.*, 554 U.S. 269, 271 (2008). ISG acts as a sub-agent for various lenders who sold participation interests in their recovery under the Repayment Guaranty.

Meritage argues that this sale divested the lenders, and therefore ISG, of standing. However, the Supreme Court has held that promises to remit the recovery of litigation does not divest an assignee of standing. *See id.* Here, the

original holder of the claim, not an assignee, has promised to remit all proceeds from this litigation to another. Thus, ISG has an even stronger claim to standing than the assignees in *Sprint*.[1]

Meritage also claims that the receipt of the sale proceeds constituted payment in full, thus mooting this action. It does not. Even if the lenders sold the participation interests for the full amount Meritage owned, the lenders would still be permitted to sue Meritage for this amount because the proceeds from a sale of participation interests do not necessarily satisfy the underlying obligations, rather they were more akin to an investment in the outcome of the litigation. The Joint Plan of Reorganization, through which the lenders sold the participation interests, makes clear that the sale was not intended to satisfy Meritage's obligations.[2]

Therefore, the district court correctly determined that ISG has standing, and the action is not moot.

---

[1] We deny as moot Meritage's Motion to Supplement the Record on Appeal, which seeks to introduce Inspirada Builders's Motion to Stay Arbitration Pending Determination of Meritage's Appeal in Repayment Guarantee Action. It does not change our conclusion that ISG has standing for the reasons stated above.

[2] Although Meritage alleges a potential for double recovery because of the Inspirada Builders arbitration, Meritage has not yet paid or been required to pay anything to Inspirada Builders.

## II

Meritage further argues that JPMorgan caused Meritage to be unable to perform under the Repayment Guaranty because JPMorgan refused to release its lien on property Meritage attempted to purchase in April 2008. According to Meritage, this constituted a valid tender of performance and should excuse its obligations under the Repayment Guaranty. However, per the terms of the Repayment Guaranty, JPMorgan was not required to release its lien when there was an event of default, which existed at that time because South Edge, LLC failed to make an interest payment when it came due. Lastly, Meritage argues that JPMorgan should not have been allowed to trigger Meritage's obligations under the Repayment Guaranty by pursuing involuntary bankruptcy proceedings against South Edge, LLC. But, again, this is unpersuasive because the Repayment Guaranty defines "Bankruptcy Event" to include involuntary bankruptcies, and nothing in the Repayment Guaranty suggests this was limited to involuntary bankruptcies initiated by entities other than JPMorgan.

Meritage waived its other defenses by agreeing to a waiver in the Repayment Guaranty.

**AFFIRMED.**

4